

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. T. H. Trimble
First Assistant State Superintendent
State Department of Education
Austin, Texas

Dear Sir:

Opinion No. 0-6811
Re: Proper disposition of
certain funds under
facts stated.

Your request for opinion has been received and
carefully considered by this department. We quote from
your request as follows:

"Attached you will find a letter from
Mr. Sam Aldridge, County Attorney of Parmer
County, who has presented a problem which we
would like for you to give us an opinion on
how it shall be solved."

We quote from Mr. Aldridge's letter to you as
follows:

"In re: Texas-New Mexico School District.

"If you will turn to the case of Texas
New Mexico School District vs Farwell Independent
School District, et al, reported in 184 S.W. 2nd,
642, you will see that a rural school district
in this county was many years ago consolidated
with a larger district in New Mexico, and that in
1944 this district withdrew itself from the con-
solidation, and in litigation that resulted, the
original consolidation was held unconstitutional.

"The Rural Texas district in question,
by proceeding that is apparently in all things
proper, and prior to the beginning of the 1944 school
term, consolidated itself with Bovina Independent
School District, this county.

NO PUBLICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"For the year of 1944, and for many years theretofore, taxes on the lands in this area were assessed on a separate school tax roll by a deputy in the County Collector's office.

"There is a small amount of delinquent tax on these rolls, say about $400.00 or $500.00.

"The 1944 tax collections, totaling at present the sum of $1356.17, plus about $49.00 left over from the preceding year, is on deposit in our local bank where same was placed by the Tax Collector as above shown.

"The children in this area attended the Bovina school almost 100% in the year 1943-44. In fact, the Bovina school ran its bus in this area in the 1943-44 term.

"For the 1944-45 term, the children likewise attended Bovina, and were likewise hauled in the Bovina bus.

"For the future, this tax matter is of course settled, because this land is included in Bovina Independent School District under the consolidation election last year, and the 1945 and following year's tax rolls will include same in this district, but the $1356.17 collected last year, plus the amount of approximately $49.00 that was on deposit, plus delinquent tax payments that may be made over future years, presents a real problem to us here, and we would sincerely appreciate your advise on same.

"Various suggestions have been made:

(A) that the funds in the bank, plus future delinquent tax payments, clearly belong to the Bovina district, and that the bank should without further authority turn such funds over to the Bovina district.

(B) that the County Judge (Ex-Officio School

Hon. T. M. Trimble - Page 3

> Superintendent), would have authority
> to transfer this money from its present
> account into that of the Bovina Inde-
> pendent School District.

> (C) That for the protection of the bank and
> all concerned a suit should be brought
> in District Court to determine ownership
> of this fund.

> "The New Mexico district, disappointed in the
> withdrawal of the Texas school from the original
> consolidation, will not co-operate and make a
> written release on the funds, but apparently is not
> asserting any claim thereto."

Opinion No. O-6518 of this Department, dated April 20, 1945, is pertinent to your inquiry. The request for opinion was made by Hon. A. D. Smith, County Attorney of Parmer County, Farwell, Texas. His request was as follows:

> "I seek your opinion regarding approx-
> imately $1400.00 dollars of school funds be-
> longing to the Former State Line Common
> School District.

> "This School District was originally Common
> School District No. 6 of this County. Under
> Article 2913a R.C.S. this school district was
> consolidated with a school district in New
> Mexico and was known as Texas-NewMexico School
> District No. 1. This consolidated district
> operated for several years as such.

> "In 1943 the subject district disregarded
> its pact with the State of New Mexico and was
> consolidated with BOVINA INDEPENDENT SCHOOL
> DISTRICT. In cause 1290 in the District Court
> of Parmer County, Texas, the Texas-New Mexico
> School District #1 filed suit to enjoin this
> purported consolidation. Our District Court held
> the Original Pact, Article 2913A unconstitutional
> and upheld the consolidation with BOVINA. This
> case was appealed to the Amarillo Court of Civil

Appeals and in cause numbered 5655 styled TEXAS
NEW MEXICO SCHOOL DISTRICT NO. 1 VS FARWELL
INDEPENDENT SCHOOL DISTRICT, the judgment was
affirmed and is now a final judgment.

"During this litigation there accumulated
approximately $1400.00 in taxes collected. The
money was deposited in Security State Bank,
Farwell, Texas, in the name of TEXAS-NEW MEXICO
SCHOOL DISTRICT #1, and Bovina Independent School
District wants the money. I can see no reason
why this money could not be paid to Bovina In-
dependent School District because it is all tax
money from what is now part of BOVINA INDEPENDENT
SCHOOL DISTRICT.

"Will you please advise me whether or not
there is any reason why this money should not be
transferred to Bovina Independent School District?"

This department in said opinion No. 0-6518 answered
as follows:

"Assuming that Article 2913a is unconsti-
tutional as held by the Court of Civil Appeals,
the taxes levied by said district would be un-
constitutional, since they were not levied by
a valid authority. It is our opinion that only
such taxes as have been authorized by the Bovina
District since the consolidation of the terri-
tory formerly a part of the Texas-New Mexico
District and collected from the taxpayers of
said territory, and territory of the original
Bovina District, would belong to the Bovina
District. The taxes in the bank were levied by
the Texas-New Mexico District and deposited in
the bank in the name of said district. The bank,
no doubt, has made a bond in favor of said
district, conditioned on the safe-keeping of
said funds, and in all probability would refuse
to pay the money to the Bovina District unless
authorized to do so by the Texas-New Mexico
District, or by a judgment of a court of competent
jurisdiction.

"The Attorney General is without authority

Hon. T. M. Trimble - Page 5

to authorize the transfer of the funds."

We enclose herewith a copy of said opinion for your information.

The case of Texas-New Mexico School District No. 1 v. Farwell Independent School District, et al, referred to by County Attorney Smith and by County Attorney Aldridge is one and the same case, is reported in 184 S. W. (2) 642, and holds as indicated by said County Attorneys.

As stated in Opinion No. 0-6518, the Attorney General is without authority to authorize the transfer of the funds in question. We therefore cannot recommend that either suggestion A or B, outlined in County Attorney Aldridge's letter, be followed. We are inclined to the view that suggestion C would be the best course to follow.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:BT

